James ACHTERHOF and Grace Achterhof, Plaintiffs,

v.

Anthony F. SELVAGGIO, individually and as a Children's Protective Services employee of the Department of Social Services; Anna Mead, individually and as a Supervisor for the Department of Social Services; and Richard H. Ritter, individually and as the Director of the Barry County Department of Social Services, jointly and severally, Defendants.

No. G88–45 CA1.

United States District Court, W.D. Michigan, S.D.

Feb. 27, 1991.

Jon D. Vander Ploeg, Smith, Haughey, Rice & Roegge, P.C., Grand Rapids, Mich., Palus & Sielski, Martin F. Palus, Asst. U.S. Atty., Zeeland, Mich., for plaintiffs.

Becky M. Lamiman, Mark W. Matus, Thomas R. Wheeker, Patrick McElmurry, Asst. Attys. Gen., Frank J. Kelley, Atty. Gen., Tort Defense Div., Lansing, Mich., for defendants.

## OPINION

HILLMAN, Senior District Judge.

This 42 U.S.C. § 1983 action is again before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). On October 10, 1990, the court entered an opinion and order granting the plaintiffs leave to attempt to avoid dismissal on grounds of qualified immunity with a third amended complaint and supporting pleadings. Plaintiffs have filed a third amended complaint and supplemental brief, and defendants have filed a supplemental brief in response. For the reasons outlined here and previously set forth in the October 10 opinion, the court dismisses plaintiffs' complaint.

The factual and procedural background of this case, as detailed in the October 10 opinion, are as follows:

## Factual Background

Plaintiffs James and Grace Achterhof have filed this civil rights action against defendants Anthony F. Selvaggio, Anna Mead, and Richard H. Ritter, who are employees at the Michigan Department of Social Services. The lawsuit arises out of an inquiry conducted by defendant Selvaggio and supervised by defendants Mead and Ritter into suspected child abuse by plaintiffs against their daughter Karen, who was a minor at the time.

The inquiry began on October 9, 1984, pursuant to the Michigan Child Protection Statute, M.C.L. § 722.622 *et seq.* On that date, the Forest Hills Northern High School notified the Kent County Department of Social Services that child abuse was suspected because Karen had suffered an injury to her face. Defendant Selvaggio was assigned to the case, under the supervision of defendants Mead and Ritter. Following his investigation, defendant Selvaggio opened a protective services case, placed the Achterhofs' names on a central registry of child abuse cases, and continued to attempt contacts with the family.

The Achterhofs allege these actions were taken in spite of defendant Selvaggio's finding no evidence of child abuse. They further allege that despite repeated requests beginning in November 8, 1984, defendants Ritter and Selvaggio refused to close the case, terminate attempts to contact the family and remove the Achterhofs' names from the central registry.

The Achterhofs ultimately sought redress in a state administrative proceeding. On February 26, 1985, an administrative law judge found no relevant evidence of child abuse and ordered the Achterhofs' records expunged from office files and the central registry.

In this lawsuit, the Achterhofs allege that defendants' actions violated constitutional rights to privacy, association and personal choice in family life and deprived them of due process.

## Procedural History

Plaintiffs originally filed this lawsuit on January 28, 1988 and filed an Amended Complaint on February 3, 1988. On October 25, 1988, this Court entered an opinion and order granting Defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.

The court found that defendants Selvaggio, Mead and Ritter enjoyed absolute immunity in opening the case against the Plaintiffs, placing the case on the Central Registry and refusing to remove the case. This Court also found that defendants enjoyed qualified immunity in continuing to attempt contact with the family.

On October 6, 1989, the Sixth Circuit Court of Appeals reversed the dismissal of the complaint. *Achterhof v. Selvaggio*, 886 F.2d 826 (6th Cir.1989). The Sixth Circuit held that absolute immunity did not apply to defendants in this case. *Id.* at 829–31. The Court also held that plaintiffs should have been accorded an opportunity to plead additional facts prior to dismissal. *Id.* at 831.

This case now returns to the same procedural juncture as two years ago. On January 26, 1990, plaintiffs filed a Second Amended Complaint. In addition to recounting the factual scenario, plaintiffs allege that defendants knew or should have known that their investigation did not substantiate a child abuse case or authorize their actions under Michigan law and department policies.

Count I of the Second Amended Complaint alleges constitutional rights violations arising from the defendants' opening of a protective services case. Count II alleges constitutional deprivations arising from defendants' continuing to maintain the file on the Central Registry. Count III alleges constitutional violations for defendants' continuing to impose involuntary services on the Achterhof family. Count IV alleges tortious acts by defendants Ritter and Mead in their supervision of the case. Count V alleges pendent claims for tortious acts under Michigan law.

On February 26, 1990, defendants filed a motion to dismiss the Second Amended

Complaint, claiming defendants have qualified immunity from the federal civil rights claims, immunity under the Michigan Child Protection Statute and that the suit is time barred.

*Achterhof v. Selvaggio*, G88–45 CA1, (W.D. Mich., October 10, 1990, Slip op. at pp. 2–4).

### Discussion

In the pleadings filed prior to the October 10 opinion, plaintiffs failed to convince the court that defendants are not entitled to the qualified immunity defense that is available under section 1983. *See Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987); *Dominque v. Telb*, 831 F.2d 673, 676–77 (6th Cir.1987). Specifically, the court stated that

Plaintiffs' second amended complaint does not contain the factual allegations necessary to show that the defendants violated clearly established federal law and that they objectively should have known their actions did so. Plaintiffs have not identified any federal right which was so clearly established in 1984 or 1985 that reasonable officers would have known they were committing a constitutional violation when they opened a child abuse filed on the Achterhofs or continued the investigation.

*Achterhof v. Selvaggio*, G88–45 CA1, (W.D. Michigan, October 10, 1990), slip op. at p. 7.

Plaintiffs' third amended complaint contains new allegations. It alleges that Department of Social Services manuals and a published decision from the United States Court of Appeals for the Second Circuit provide evidence of clearly established constitutional rights that an objectively reasonable person would have known were being violated by defendants' actions. These newly pled facts, plaintiffs contend, substantiate their claims that defendants violated plaintiffs' constitutional rights to personal privacy, to a protected relationship with their minor child, and to privacy, association, and personal choice in family life.

Plaintiffs allege that the department's 1984 manual for its employees recognizes

inherent constitutional protections against interference with family by stating in part:

The state can intervene coercively in family life only after due process of law. The protective services is given no authority to override parental wishes in conducting its investigation or suggesting services. If parents object to an investigation or to cooperating with treatment recommendations the social worker must leave the family alone, or petition the juvenile court to order steps to be taken to protect the child.

Plaintiffs also point to a 1978 department policy manual that partly states:

Every person is entitled to protection of certain fundamental rights of liberty and justice which lie at the basis of all our social and political institutions. Among those fundamental rights is the right to custody and care of one's children, the right to privacy free from governmental interference, and the right of a child to live undisturbed with his own parents in his own home.

In addition to the manuals, plaintiffs cite *Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir.1977), a section 1983 case involving the unconstitutional retention in custody of a woman's children by a city's child welfare bureau. Plaintiffs point to language in the opinion acknowledging "the most essential and basic aspect of familial privacy—the right of the family to remain together without the coercive interference of the awesome power of the state." *Id.* at 825. Plaintiffs note that the Fifth Circuit has also cited this language from *Duchesne* in *Hodorowski v. Ray*, 844 F.2d 1210 (5th Cir.1988). In *Hodorowski*, the appeals court held protective service workers were entitled to qualified immunity for the temporary removal of children from a home. *Id.* at 1216.

In their supplemental brief, plaintiffs contend that these cases and the policy manuals, when viewed on the basis of objective reasonableness, show that defendants violated clearly established constitutional rights in their investigation of alleged child abuse against plaintiffs' daughter. However, defendants, in their supple-

mental response, argue that plaintiffs have still failed to allege facts and cite controlling constitutional law that overcome defendants' qualified immunity claim.

After carefully reviewing the supplementary materials, I conclude that dismissal of the section 1983 claims is appropriate. Plaintiffs have failed to cite controlling federal constitutional law setting forth clearly established rights that an objectively reasonable person in defendants' position would have known were being violated by the child abuse investigation and surrounding circumstances.

The general recognition of "the right of a family to stay together" in *Duchesne* is not a sufficient basis in federal law for the several constitutional rights to privacy and association in family life invoked by plaintiffs. In searching for clearly established constitutional rights for qualified immunity purposes, a district court

> ... must find binding precedent by the Supreme Court, its court of appeals or itself. In an extraordinary case, it may be possible for the decisions of other courts to clearly establish a principle of law. For the decisions of other courts to provide such 'clearly established law,' these decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting.

*Ohio Civil Serv. Employees Ass'n v. Seiter,* 858 F.2d 1171, 1177 (6th Cir.1988). Another circuit court's generalized remark regarding a family's rights and similarly broad statements in department policy manuals fail to suggest the contours of any rights that defendants reasonably should have known they were violating. *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039.

Dismissal of plaintiffs' section 1983 claims raised in counts I through IV of their complaint is appropriate under the doctrine of qualified immunity. Therefore, the court grants defendants' motion to dis-

miss pursuant to Fed.R.Civ.P. 12(b)(6) with respect to these claims.

Plaintiffs have also brought a series of pendent state law claims in count V. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In light of considerations such as judicial economy and comity with state courts and the strong policy against exercising pendent jurisdiction where all federal claims are dismissed, I dismiss count V without prejudice. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350–51, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988).

### Conclusion

The court grants defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and dismisses counts I through IV with prejudice on the basis of qualified immunity. The court dismisses count V without prejudice.